**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Alexander, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2015-001761

---

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Court Judge

---

Unpublished Opinion No. 2017-UP-269
Submitted May 1, 2017 – Filed July 5, 2017

---

**AFFIRMED**

---

John Alexander, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2016) ("The court of appeals may . . . reverse or modify the decision [of the ALC] if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ."); *Friends of Earth v. Pub. Serv. Comm'n of S.C.*, 387

S.C. 360, 366, 692 S.E.2d 910, 913 (2010) ("Substantial evidence is not a mere scintilla; rather, it is evidence which, considering the record as a whole, would allow reasonable minds to reach the same conclusion as the [ALC]."); S.C. Code Ann. § 1-23-380 (Supp. 2016) (explaining an appellate court "may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact"); *Al-Shabazz v. State*, 338 S.C. 354, 382, 527 S.E.2d 742, 757 (2000) ("Courts traditionally have adopted a 'hands off' doctrine regarding judicial involvement in prison disciplinary procedures and other internal prison matters, although they must intercede when infringements complained of by an inmate reach constitutional dimensions."); *id.* at 369-70, 527 S.E.2d at 750 ("The statutory right to sentence-related credits is a protected 'liberty' interest under the Fourteenth Amendment, entitling an inmate to minimal due process to ensure the state-created right was not arbitrarily abrogated." (quoting *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974))); *Wolff*, 418 U.S. at 567 ("If confrontation and cross-examination of those furnishing evidence against [an] inmate were to be allowed as a matter of course, as in criminal trials, there would be considerable potential for havoc inside the prison walls."); *Al-Shabazz*, 338 S.C. at 371, 527 S.E.2d at 751 ("The Supreme Court . . . held [an] inmate does not have a constitutional right to confront and cross-examine witnesses who testify against him, although prison officials have the discretion to grant that right in appropriate cases."); *Skipper v. S.C. Dep't of Corr.*, 370 S.C. 267, 279, 633 S.E.2d 910, 916 (Ct. App. 2006) ("Due process in prison drug testing does not require that a prisoner be afforded duplicative testing, nor does it require utilizing a testing method chosen by the prisoner.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.